S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@AlvaradoSmith.com
LASHON HARRIS (CA Bar No. 257578)
lharris@AlvaradoSmith.com
ALVARADOSMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A., erroneously sued as JP MORGAN CHASE, N.A. and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2004-AR14 erroneously sued as U.S. BANK N.A.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

LEX DIAS, an individual, and SHERRY DIAS, an individual,

Plaintiffs,

v.

JP MORGAN CHASE, N.A., a national association; U.S. BANK, N.A., a national association, and Does 1-50, inclusive,

Defendants.

**CASE NO.:** 13-cv-05327-HRL

**REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT**

**DATE:** **February 4, 2014**
**TIME:** **10:00 a.m.**
**CTRM.:** **2, Fifth floor**

**Action Filed:** November 15, 2013

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants JPMorgan Chase Bank, N.A., erroneously sued as JP Morgan Chase ("Chase") and U.S. Bank National Association, as Trustee Successor in Interest to Bank of America, National Association as Successor by Merger to Lasalle Bank National Association as Trustee for WAMU Mortgage Pass-Through Certificate Series 2004-AR14, erroneously sued as U.S. Bank, N.A. ("USBank" and collectively "Defendants") respectfully submit their Memorandum of Points and Authorities in Reply to plaintiffs Lex Dias and Sherry Dias (collectively "Plaintiffs") opposition to the Motion to Dismiss the Complaint.

## I. SUMMARY OF ARGUMENT

The Opposition fails to cure the deficiencies in the Complaint. Indeed, Plaintiffs acknowledge that the claim for breach of contract is insufficiently pled. As such, the motion should be granted as prayed on this claim. Furthermore, Plaintiffs' reliance on certain cases out of the Northern District of California for the wholesale proposition that the claim for breach of the implied covenant and fair dealing is properly pled conveniently overlooks several cases wherein the courts held that no claim breach of the implied covenant of good faith and fair dealing was stated under similar facts as in this action.

Further, Plaintiffs' claim for violations of Cal. Civil Code §§ 2923.5 and 2923.6 still fails as Plaintiffs own allegations establish compliance with Cal. Civil Code § 2923.5 in accordance with the then existing law and as contemplated by California state law. Moreover, even assuming Defendants failed to contact Plaintiffs under Cal. Civil Code § 2923.5, the only remedy is a postponement of the foreclosure sale until there has been compliance. Because Plaintiffs acknowledge that their financial situation was assessed by review for a loan modification, the claim is rendered moot and should be dismissed.

The fact remains that the Complaint fails to state facts sufficient to state a claim. For all the reasons, and as discussed in the moving papers, Plaintiffs' Complaint is subject to dismissal.

## II. PLAINTIFFS ADMIT THAT THE CLAIM FOR BREACH OF CONTRACT IS INADEQUATELY PLED

In their Opposition, Plaintiffs concede that the claim for breach of contract is inadequately pled. *See*, Opposition 5:10-12. Therefore, on this ground alone, the motion should be granted.

Furthermore, even assuming the claim was properly pled, Plaintiffs assertion that they have pled the existence of an enforceable contract is without merit. Indeed, Plaintiffs have not pled the essential terms of the purported contract. Merely labeling a contract as a trial plan does not implicate *West v. JPMorgan Chase Bank* 214 Cal.App.4th 780 (2013), particularly given the fact that there is no basis upon which to infer that the trial plan agreement in the *West* matter is identical to the alleged trial plan at issue in this case. Indeed, the conclusions in *West* are based on a HAMP trial plan and reliance on the HAMP's directives. *See, West, supra*, at pp. 796-799 (stating that

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

although trial plan agreement at issue "did not expressly include the proviso that Chase Bank would offer a permanent loan modification if she complied with that agreement's terms…such a proviso is imposed by the United States Department of the Treasury through Directive 09–01[.]"). There is no indication here that the subject loan modification was even a HAMP modification.[1] Therefore, Plaintiffs' reliance on *West* is misplaced.

In addition, the admitted pleading deficiencies renders Plaintiff's reliance on *Gaudin v. Saxon Mortgage Services, Inc.* 820 F.Supp.2d 1051 1053-1054 (N.D. Cal. 2011) equally unpersuasive. Indeed, the district court in *Gaudin* granted the bank's motion to dismiss on the claim for breach of contract, concluding:

> While Gaudin has alleged that she complied with all of her affirmative obligations under the agreement to provide requested documentation and to make timely payments at the trial period rate, she has not alleged that all of the conditions under which Saxon might be obligated to provide her a lender-executed permanent modification agreement were actually satisfied. See *Lucia*, 798 F.Supp.2d at 1068, 2011 WL 3134422 at *7 (dismissing complaint where plaintiffs failed to allege that they met all the conditions for permanent modification set forth in the trial plan.) Gaudin has only averred that the reasons Saxon gave her for denying permanent modification were factually incorrect. While that might support an inference that perhaps she otherwise qualified for permanent modification, absent an allegation to that effect, she has failed to state a claim.

*Gaudin, supra,* at pg. 1054.

Similarly in this case, Plaintiffs' allegations fall short of establishing that all of the conditions under which Defendants might be obligated to provide a "lender-executed permanent modification agreement" were actually satisfied. *See, id.* This point is further illustrated by the fact that Plaintiffs allege that a final loan modification was provided yet there is no allegation that Plaintiffs in fact executed and returned the subject agreement. *See* Complaint, ¶ 17. Ostensibly, Plaintiffs own allegation undermines the contention that Defendants breached a trial plan by not providing a permanent modification.

Based on the foregoing, and as set forth in the moving papers, the claim for breach of

---

[1] In fact, the subject trial plan was not a HAMP trial plan, but an internal Chase trial plan. For the clarity of the record, Plaintiffs should be ordered to attach the actual trial plan to any future complaint.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

contract fails. Accordingly, the motion to dismiss should be granted.

## III. THE THIRD CLAIM FOR "VIOLATIONS OF CIVIL CODE 2923.6 AND 2923.5" FAILS

In their Opposition, Plaintiffs contend that their claim for violation of the HOBR is based on the loan modification application allegedly submitted in June 2013. However, Plaintiffs cannot overcome Civil Code Section 2923.6(g). Civil Code Section 2923.6(g) provides in pertinent part that "the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013…" *See* Civil Code § 2923.6. Here, Plaintiffs allege that they submitted completed loan modification applications between July 2012 and November 2012. *See* Complaint, ¶ 13. Plaintiffs further alleged that they were placed in a trial payment plan. Because Plaintiffs were evaluated for a loan modification prior to January 1, 2013, the requirements of Cal. Civil Code § 2923.6 are inapplicable as it pertains to the June 2013 loan modification application. Plaintiffs cite no law for any contrary proposition. Accordingly, the motion should be granted on this ground.

Finally, Plaintiffs argue in their Opposition that notwithstanding the fact that their financial situation was assessed by being reviewed for a loan modification, the alleged failure to contact Plaintiffs to assess their financial situation before recording a notice of default still gives rise to liability. *See* Opposition, 8:3-7. Plaintiffs miss the mark.

*Mabry v. Superior Court* 185 Cal.App.4th 208 (2010), makes clear that the only remedy for a violation of Civil Code Section 2923.5[2] is "to postpone the sale until there has been compliance with section 2923.5." *Mabry, supra* at pg. 223. Here, there has been no trustee's sale. The NOD at issue was recorded on November 15, 2012—prior to the effective date of the HOBR. *See*, RJN, Exhibit 5. Plaintiffs allege that they submitted documents in connection with loan modification applications in as early as June 2012. *See* Complaint, ¶ 13. Plaintiffs further allege that they were placed in a trial payment plan and submitted further documents for review. *See* Complaint, ¶¶ 28-29. Because Plaintiffs did not ultimately receive a permanent loan modification is irrelevant to the requirements

---

[2] Prior to the enactment of the HOBR which was not in effect until January 1, 2014..

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

of Cal. Civil Code § 2923.5. Consequently, the alleged failure to contact Plaintiffs prior to the recording of the NOD is rendered moot as Plaintiffs' financial situation was assessed as contemplated by Cal. Civil Code § 2923.5 and *Mabry*.

As explained in *Mabry*, the requirement under Section 2923.5 in exploring and assessing a borrower's situation is limited. Therefore, as discussed herein and in the moving papers, the contention that Defendants did not assess Plaintiffs' financial situation is without merit. Accordingly, the motion to dismiss should be granted.

## IV. PLAINTIFFS' CLAIM FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING FAILS

In Opposition, Plaintiffs assert that Defendants have misapplied the holding in *Harvey v. Bank of America, N.A.* 906 F.Supp.2d 982 referring to a latter ruling on a motion to dismiss in the same action. In its moving papers, Defendants correctly cited and applied *Harvey*. This case has not been overturned. In *Harvey*, the court found that the plaintiff had not stated a viable claim for breach of the implied covenant of good faith and fair dealing was stated because "[the] alleged conduct is not related to the contract between the parties, that is, the DOT and related note. Plaintiff alleges not a violation of his standing contracts with Defendant, but of the entirely separate promises Defendant allegedly made to forego foreclosure and other penalties while the loan modification was pending. [Citation omitted]." *Id.* at pg. 991. Such is also the case here. Indeed, other courts in this district have also dismissed similar breach of implied covenant claims. *Ren v. Wells Fargo Bank, N.A.*, 2013 WL 2468368, at *2–3 (N.D. Cal. June 7, 2013); *Franczak*, 2013 W L 843912, at * 3–4; *Pacini*, 2013 WL 2924441, at *6–7 (all dismissing similar implied covenant claims).

Furthermore, the facts alleged in this case are distinguishable from the cases cited by Plaintiffs. In *Harvey v. Bank of Am., N.A.*, 12-3238 SC, 2013 WL 632088 (N.D. Cal. Feb. 20, 2013) plaintiff alleged that "Defendant hindered Plaintiff's ability to make payments under the contract by advising Plaintiff not to make payments in order to apply for a loan modification and by promising Plaintiff that it would not report him late or foreclose on his property while his loan modification application was under review." *Harvey v. Bank of Am., N.A.*, 12-3238 SC, 2013 WL 632088 (N.D. Cal. Feb. 20, 2013) at *3.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

Additionally, in *Harris v. Wells Fargo Bank, N.A.* the plaintiff had paid her mortgage on time, however on one occasion the plaintiff's check bounced because it was deposited before the parties' alleged customary practice. The plaintiff was then advised that she would have to bring the account current and pay certain fees. The bank then advised the plaintiff that she would have to apply for a loan modification and to not make payments during this time in order to rectify the "accounting dispute." The bank also advised the plaintiff that she would not accrue late fees during this time. Non-judicial foreclosure was commenced and plaintiff initiated the lawsuit. There the court relied on the conclusion in *Harvey v. Bank of Am., N.A.*, 12-3238 SC, 2013 WL 632088 (N.D. Cal. Feb. 20, 2013).

However, in this case, Plaintiffs allege that they sought out a modification to obtain "more comfortable payments." *See* Complaint, ¶ 12. There is no indication that Defendants undertook any affirmative action to induce Plaintiffs to apply for a loan modification. Consequently, it cannot be said that Defendants hindered their ability to make monthly payments under the note. Indeed, these facts are more in line with *Bing Ting Ren v. Wells Fargo Bank, N.A.* 2013 WL 2468368 (N.D. Cal. June 7, 2013). The plaintiff alleged that she was told that she could fix an error in the application of her payments on her second loan by applying for a loan modification but could only obtain such a modification by being late on the first mortgage. The plaintiff further alleged that if the plaintiff went late, she could begin the loan modification process, and the bank would not take any action against her even though the loan agreements. Subsequently, foreclosure was commenced. In dismissing the claim for breach of the implied covenant of good faith and fair dealing, the court stated:

> While *Harvey* supports Plaintiff's claim for promissory estoppel, it does not help her claim for breach of the implied covenant. As Defendant points out, it never actively interfered with Plaintiff's payments. It told Plaintiff that she could enter the loan modification process by going late on her payments, but that was a choice only Plaintiff could make. *See Franczak v. Suntrust Mortgage, Inc.*, No. 5:12–cv–01453 EJD, 2013 WL 843912, at *3 (N.D.Cal. Mar.6, 2013) ("Being left with an impression that a particular action is encouraged is something very different than actually being required to do something.") (quotations omitted).

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

*Bing Ting Ren v. Wells Fargo Bank, N.A.*, 13-0272 SC, 2013 WL 2468368 (N.D. Cal. June 7, 2013).

Therefore, for the reasons set forth herein and in the moving papers, the motion to dismiss should be granted.

## V. THE FOURTH CLAIM FOR "VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200" FAILS

In their opposition Plaintiffs contend that sufficient facts have been alleged to establish standing under Section 17200. However, Plaintiffs overlook the fact Plaintiffs' claim for breach of contract and breach of the implied covenant of good faith and fair dealing fail. Furthermore, Plaintiffs cannot establish an injury in fact relating to claims for violation of Cal. Civil Code §§ 2923.5 and 2923.6 because the only relief Plaintiffs would be entitled to is an injunction. *See* Cal. Civil Code § 2924.12(a)(1) [providing that remedy for material violation of Cal. Civil Code § 2923.6 is an injunction.]; *see also, Mabry v. Superior Court* (2010) 185 Cal. App. 4th 208, 233 [Holding that sole legal remedy for alleged violation of Section 2923.5 is postponement of the foreclosure sale while the parties explore alternatives to foreclosure.] Therefore, Plaintiffs do not have standing to bring this claim, and it must be dismissed.

Moreover, even assuming Plaintiffs adequately alleged an injury in fact, Plaintiffs fail to allege sufficient facts that Defendants engaged in unlawful, unfair, or fraudulent business acts in violation of Section 17200. Here, Plaintiffs merely contend that because they have sufficiently pleaded underlying claims, the claim for violation of Section 17200 is also sufficiently pled. However, Defendants submit that Plaintiffs' claims are subject to dismissal as discussed herein and in the moving papers. Because this claim is premised on the facts underlying the aforementioned causes of action, no claim for unfair business practices can be stated. *See*, *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000) ["A court may not allow plaintiff to plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition."]. Therefore, the claim should be dismissed.

///

///

## VI. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiffs' Complaint without leave to amend in its entirety.

DATED: January 21, 2014

ALVARADOSMITH
A Professional Corporation

By: /s/ S. Christopher Yoo
S. CHRISTOPHER YOO
LASHON HARRIS
Attorneys for Defendants
JPMORGAN CHASE BANK, N.A., erroneously sued as JP MORGAN CHASE and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2004-AR14 erroneously sued as U.S. BANK N.A.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**
Dias et al v. U.S. Bank National Association et al
USDC Northern District (San Jose) Case No.: 5:13-cv-05327-HRL

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **AlvaradoSmith, 1 MacArthur Place, Santa Ana, CA 92707**.

On January 21, 2014, I served the foregoing document described as **REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☒ **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):** The foregoing document will be served by the court via NEF. On January 21, 2014 I checked the CM/ECF docket for this case and determined that the following persons are on the Electronic Mail List to receive NEF transmission at the email address(es) indicated in the attached service list.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on January 21, 2014, at Santa Ana, California.

Michelle E. Ault

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

**SERVICE LIST**

Dias et al v. U.S. Bank National Association et al
USDC Northern District (San Jose) Case No.: 5:13-cv-05327-HRL

Jessica Ryan Galletta
Matthew David Mellen
Mellen Law Firm
411 Borel Avenue
Suite 230
San Mateo, CA 94402

650-638-0120
Fax: 650-638-0125
Email: mellenlaw@yahoo.com
Email: mellenlaw@yahoo.com

**Attorney for Plaintiffs Lex Joseph Dias and Sherry Dias**

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA