United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

LEX DIAS, an individual, and SHERRY DIAS, an individual,

Plaintiffs,

v.

JP MORGAN CHASE, N.A., a national association; U.S. BANK, N.A., a national association, and Does 1-50, inclusive,

Defendants.

Case No. 5:13-CV-05327-EJD

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

Re: Docket No. 30

Plaintiffs Lex Dias and Sherry Dias (collectively, "Plaintiffs") bring this suit against Defendants JP Morgan Chase, N.A. ("Chase") and U.S. BANK, N.A. ("U.S. Bank") (collectively, "Defendants"). Presently before the court is Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC"). The Court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and previously vacated the hearing. Having reviewed the parties' briefing, Defendants' motion is DENIED for the reasons stated below.

## I. BACKGROUND

Plaintiffs own a property located in Gilroy, California ("the Property"), for which they secured financing by executing a Promissory Note and Deed of Trust in favor of Washington Mutual, F.A. ("WaMu") in October 2004. FAC at ¶ 3, 8. Chase purchased WaMu in 2008, and assumed all of WaMu's assets, including Plaintiffs' Promissory Note and Deed of Trust. Id. at ¶

8. The Promissory Note and Deed of Trust were subsequently transferred to U.S. Bank, while Chase remained the loan servicer. Id. at ¶ 9.

Plaintiffs allege that in February 2012, they were current in their loan payments when they went to their local Chase branch to request a loan modification. Id. at ¶ 11. Although Plaintiffs were able to make their mortgage payments, they were seeking a loan modification in order to obtain a more comfortable monthly mortgage payment. Id. Plaintiffs allegedly spoke with a Chase representative and were advised that they could not receive a loan modification because Plaintiffs were current on their mortgage payments. Id. Chase's representative allegedly told Plaintiffs to stop making payments on the loan, and Plaintiffs would then receive a loan modification. Id. When Plaintiffs expressed concern regarding the effect of missed payments, the Chase representative allegedly told Plaintiffs that they need not worry because Chase and U.S. Bank would not initiate foreclosure proceedings against a borrower that missed payments while pursuing a loan modification. Id. at ¶ 12. Based on this instruction, Plaintiffs allegedly missed their first mortgage payment on the loan and submitted a loan modification application. Id.

Between July 2012 and November 2012, Plaintiff alleges that Chase routinely indicated Plaintiffs' applications were incomplete. Id. at ¶ 13. Although Plaintiffs had already submitted the requested documents on numerous occasions, they complied with each of Chase's requests for additional documents. Id. Plaintiff alleges that in November 2012, Defendants recorded a Notice of Default against the Property, thus initiating foreclosure proceedings. Id. ¶ 14. When Plaintiffs inquired about the Notice, Chase allegedly told Plaintiffs to disregard the Notice because Plaintiffs were in loan modification review and, therefore, their property would not be sold at a Trustee's Sale. Id. at ¶ 15. In December 2012, Plaintiffs allegedly received a letter from Chase confirming that their loan modification application was complete, and in April 2013, Plaintiffs allegedly entered into a final loan modification agreement with Defendants. Id. at ¶¶ 16-17.

In May 2013, Plaintiffs allegedly submitted their first payment pursuant to the loan modification. Id. at ¶ 19. The payment, however, was rejected by Chase and was sent back to Plaintiffs uncashed. Id. When Plaintiffs asked a Chase representative for an explanation, the

representative allegedly refused to provide one and instead stated that Plaintiffs' property was in foreclosure. Id. Plaintiffs further allege that in order to save their home, they were told to re-apply for a new loan modification. Id. at ¶ 20.

In June 2013, Plaintiffs allegedly submitted a second loan modification application that contained a documented material change in income. Id. While Chase was in possession of the second application, Chase recorded a Notice of Trustee Sale against the Property on June 6, 2013. Id. at ¶ 21. From June to September 2013, Plaintiffs allege that they frequently contacted Chase to inquire about their application, but were not provided with any information regarding the application or the trustee sale date. Id. at ¶ 22. In September 2013, Chase allegedly sent Plaintiffs a letter denying the application for a purported failure to submit requested documents. Id. at ¶ 23. Plaintiffs allege that when they contacted Defendants regarding the denial, a Chase representative told Plaintiffs to submit a new loan modification application. Id. at ¶ 24.

In September 2013, Plaintiffs allegedly submitted a third loan modification application. Id. Although Chase allegedly confirmed the receipt of this application, Defendants recorded a second Notice of Trustee Sale against the Property in October 2013. Id. at ¶¶ 24, 38.

Plaintiffs commenced the instant action in November 2013. See Dkt. No. 1. The Court previously granted in part and denied in part Defendants' motion to dismiss, and granted leave to amend. See Dkt. No. 26. Plaintiffs filed an amended complaint in July 2014 alleging the following claims: (1) breach of contract; (2) violation of California Civil Code § 2923.6; (3) breach of the implied covenant of good faith and fair dealing; and (4) violation of the California Business and Professions Code § 17200, et seq. See Dkt. No. 29. Defendants filed the instant motion to dismiss in August 2014. See Dkt. No. 30 ("Mot."). Plaintiffs filed an opposition brief, and Defendants filed a reply brief. See Dkt. Nos. 32 ("Opp."), 33 ("Reply").

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim in the complaint with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal

quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) for failure to state a claim is "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 606 F.3d 658, 664 (9th Cir. 2010) (quoting Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). However, mere conclusions couched as factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III. DISCUSSION

### A. Claim 1: Breach of Contract

In its motion, Defendants contend that Plaintiffs have not sufficiently pled a claim for breach of contract because Plaintiffs failed to attach a copy of the alleged contract to the complaint. Mot. at 3. Alternatively, they argue that Plaintiffs have selectively summarized from the purported contract instead of stating the salient terms of the agreement with the required specificity. Id. at 3-4. In opposition, Plaintiffs argue that they have pled the contract sufficiently because they allege the salient terms verbatim. Opp. at 5.

To state a claim for breach of contract, a plaintiff must plead: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011). Here, Defendants only challenge Plaintiffs' pleading regarding the existence of a contract.

To allege the existence of a contract, a "plaintiff may set forth the contract verbatim, attach it as an exhibit, or plead it according to its legal effect." McKinnon v. Dollar Thrifty Auto. Grp., Inc., 2013 WL 3357929, at *6 (N.D. Cal. July 3, 2013) (Conti, J.); see also Lyons v. Bank of Am.,

United States District Court
Northern District of California

NA, 2011 WL 3607608, at *2 (N.D. Cal. Aug. 15, 2011) (Wilken, J.). This Court previously advised Plaintiffs "to attach a copy of the contract to their amended complaint, if possible." See Dkt. No. 26, Order Granting in Part and Denying in Part Motion to Dismiss at 5. Attaching a copy of the contract, however, is not required so long as Plaintiffs set forth the material terms verbatim or plead it according to its legal effect.

Here, Plaintiffs allege the breach of Covenant 1 of the Deed of Trust. FAC at ¶ 29. They allege that Covenant 1, which was not modified by the modification agreement, provides: "Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current." Id. at ¶ 28. Plaintiffs allege that they submitted their May 2013 payment pursuant to the loan modification, but the payment was inexplicably refused by Chase and sent back to Plaintiffs in June 2013. Id. at ¶¶ 19, 29. The alleged breach occurred when Defendants rejected the payment even though Plaintiffs' payment was sufficient to bring the loan current. Id. at ¶¶ 29-30.

Upon comparing Plaintiffs' allegations against the Deed of Trust, the language of Covenant 1 provided by Plaintiffs also appears in the Deed of Trust.[1] Thus, Plaintiffs sufficiently alleged the existence of a contract by setting forth the pertinent term verbatim. Since Defendants' motion to dismiss this claim is based solely on the grounds that Plaintiffs failed to sufficiently plead the existence of a contract, Defendants' motion is DENIED.[2]

**B. Claim 2: Violation of California Civil Code § 2923.6**

Plaintiffs allege that Defendants violated the California Homeowner Bill of Rights

---

[1] Defendants included a copy of the Deed of Trust to its request for judicial notice. See Dkt. No. 31 at 8, Exh. 1. In a motion to dismiss, the court may consider documents that are not physically attached to the complaint if "the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). Here, the Court takes judicial notice of the language in the Deed of Trust for purposes of comparison only, and not for the truth of the statements compared.

[2] For the first time in its reply brief, Defendants contend that Chase is not a party to the Deed of Trust, thus it cannot be said that it breached the contract. See Reply at 2. The Court declines to consider this argument because it was raised for the first time in the reply brief. See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

("HBOR"), specifically California Civil Code § 2923.6. The alleged violations occurred on two occasions: First, when Defendants recorded a Notice of Trustee Sale in June 2013, and second, when Defendants recorded another Notice of Trustee Sale in October 2013. See FAC at ¶¶ 37-38. Defendants, however, appear to only challenge the alleged June 2013 violation.

The HBOR is a California statute that went into effect on January 1, 2013 to protect homeowners during the nonjudicial foreclosure process. See Cal. Civ. Code § 2923.4(a). The purpose of the HBOR is to ensure that borrowers are considered for and have a meaningful opportunity to obtain loss mitigation options, such as loan modifications, offered by the mortgage servicer. Id. Section 2923.6 of the HBOR attempts to eliminate "dual tracking," a practice "whereby financial institutions continue to pursue foreclosure while evaluating a borrower's loan modification application." Alvarez v. BAC Home Loans Servicing, L.P., 228 Cal. App. 4th 941, 950 (2014).

Section 2923.6(c) provides in relevant part:

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer . . . shall not record a notice of default or notice of sale or conduct a trustee's sale until . . . [t]he mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period . . . has expired.

Cal. Civ. Code § 2923.6(c)(1). A limitation to the statute is Section 2923.6(g), which provides:

> In order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay, the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013, or who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer.

Cal. Civ. Code § 2923.6(g).

In its motion, Defendants set forth three arguments: (1) Section 2923.6 does not apply to the June 2013 loan modification application; (2) Plaintiffs did not sufficiently allege that the loan modification application was submitted prior to the recording of the Notice of Trustee Sale; and (3) Defendants' denial of Plaintiffs' application based on a failure to submit documents rebuts Plaintiffs' contention that their application was complete, as required by the statute. Mot. at 4-5. Each argument will be addressed in turn.

First, Defendants assert that Section 2923.6 does not apply to the June 2013 loan modification application because Plaintiffs had already been evaluated for a loan modification. Id. at 4. In response, Plaintiffs argue that their allegations place them within the scope of the Section 2923.6(g) exception. Opp. at 6-7.

Plaintiffs allege they submitted a second loan modification application in early June 2013, according to Chase's instruction. FAC at ¶ 37. They also allege that their application contained a documented material change in income due to a $2,000 decline in their monthly income. Id. at ¶ 21, 37. Given these allegations, Plaintiffs have sufficiently pled a material change in financial circumstances that places them within the scope of Section 2923.6(g). Moreover, Plaintiffs allege they submitted the June 2013 application because Defendants refused to accept their payment pursuant to the final loan modification agreement and were told to re-apply for a new loan modification. FAC at ¶¶ 19-20. It is, thus, unlikely that Plaintiffs submitted the June 2013 application for the purpose of delay, which Section 2923(g) is designed to protect against. Therefore, Defendants' argument fails.

Second, Defendants argue that Plaintiffs' allegations of submitting an application with a documented material change in income is insufficient to state a claim because it is questionable whether the alleged application was submitted prior to the recording of the Notice of Trustee Sale. Mot. at 4. Plaintiffs allege that even though they were awaiting a response about their complete application, and in spite of Chase being in possession of the application, Chase recorded the Notice of Trustee Sale on June 6, 2013. FAC at ¶¶ 20-21. These allegations are sufficient to

assert that the loan modification application was submitted prior to the recording of the Notice of Trustee Sale. Therefore, Defendants' argument fails.

Third, Defendants contend that the denial of Plaintiffs' loan modification application on the grounds that Plaintiffs failed to submit required documents rebuts the contention that the application was "complete," as required by Section 2923.6(c). Mot. at 5. Given this argument, Defendants' interpretation of the statute appears to be that Section 2923.6 does not apply if, in hindsight, Defendants consider a claimant's application to be incomplete. This is a misguided interpretation as it puts Defendants in control of when the statute applies.

Pursuant to the statute, an application is "deemed 'complete' when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." Cal. Civ. Code § 2923.6(h). Completeness of a loan modification application should be considered at the time the notice of trustee sale is recorded.

Here, Plaintiffs allegedly submitted their application in early June 2013. FAC at ¶ 20. Although Chase was allegedly in possession of Plaintiffs' application, Chase recorded a Notice of Trustee Sale on June 6, 2013. Id. at ¶ 21. There is no indication that Plaintiffs' application was incomplete on June 6. Allowing Chase to declare three months after recording a Notice of Trustee Sale that a loan modification is incomplete would permit any mortgage servicer to circumvent the protections afforded by the statute. Mortgage servicers cannot manipulate the statute to immunize themselves from liability by recording a notice of trustee sale and then stating that the loan modification application was incomplete. To find otherwise would undermine the purpose and spirit of the HBOR. In this instance, Plaintiffs believed their application was complete on the date the Notice of Trustee Sale was recorded, thus, Section 2923.6(c) applies. Therefore, Defendants' argument fails.

In sum, Section 2923.6 applies to Plaintiffs' June 2013 loan modification application, and Plaintiffs have sufficiently pled their claim for violation of the statute. Accordingly, Defendants' motion as to this claim is DENIED.

**C. Claim 3: Breach of the Implied Covenant of Good Faith and Fair Dealing**

Plaintiffs allege that Defendants breached the implied covenant of good faith and fair dealing contained in Covenant 1 of the Deed of Trust that provides: "Borrower shall pay when due the principal of, and interest on, the debt evidenced by the [Promissory Note] and any prepayment charges and late charges due under the Note." FAC at ¶ 43. To plead a breach of the implied covenant of good faith and fair dealing, Plaintiffs must allege that: (1) the plaintiff and the defendant entered into a contract, (2) that plaintiff did all, or substantially all, of the significant things that the contract required him to do or that he was excused from having to do those things, (3) that all conditions required for defendant's performance had occurred, (4) that defendant unfairly interfered with plaintiff's right to receive the benefits of the contract, and (5) that plaintiff was harmed by defendant's conduct. Judicial Council of California Civil Jury Instructions § 325 (2015).

Under the Deed of Trust, Plaintiffs had the obligation to make timely mortgage payments. FAC at ¶¶ 43-44. According to Plaintiffs, Defendants allegedly interfered with this obligation when Defendants instructed Plaintiffs to miss payments in order to apply for a loan modification. Id. at ¶¶ 43, 45. Specifically, Plaintiffs allege that in February 2012, when Plaintiffs went to their local Chase branch to request a loan modification, Plaintiffs were "advised [by a Chase representative] that they could not grant [a loan modification] because Plaintiffs were current on their payments . . . . Chase told Plaintiffs to stop making payments on the loan and, in turn, Plaintiffs would receive a modification." Id. at ¶ 45. When Plaintiffs expressed concern about missing payments, "Chase told Plaintiffs that they need not worry about missing payments because Chase and US Bank would not initiate foreclosure proceedings against a borrower that missed payments in order to receive a loan modification. Chase, thus, told Plaintiffs that, if they missed payments as instructed, they would not face the initiation of foreclosure proceedings." Id.

In its motion, Defendants contend that Chase did not "unfairly interfere" with Plaintiffs' ability to make payments because Chase's alleged statement of advising Plaintiffs to stop making payments was made in connection with Plaintiffs' desire to modify the loan the loan. Mot. at 6.

United States District Court
Northern District of California

In opposition, Plaintiffs argue that the facts in the instant action are analogous to Harvey v. Bank of America, N.A., 2013 WL 632088 (N.D. Cal. Mar. 6, 2013), and Harris v. Wells Fargo Bank, N.A., 2013 WL 1820003 (N.D. Cal. Apr. 30, 2013), where the defendants were found to interfere with the plaintiffs' ability to perform because they instructed the plaintiffs to stop making mortgage payments. Opp. at 8-9.

This Court's previous order states that Plaintiffs' original allegations were deficient because "Plaintiffs were not encouraged or instructed to default in their loan payments; they were merely informed of the reason why they did not qualify for a loan modification." Dkt. No. 26 at 6. Here, Plaintiffs sufficiently allege that they were told by Chase to stop making payments and that, in turn, Plaintiffs would receive a modification. Additionally, Plaintiffs sufficiently allege that they were told by Chase that they would not face foreclosure proceedings if they missed payments as instructed. These allegations are sufficient to state a claim based on Defendants' alleged conduct in inducing Plaintiffs to stop payments under the Deed of Trust in order to be considered for a loan modification. Since Plaintiffs have adequately amended their complaint to correct the previously-stated deficiency, Defendants' argument fails.

Furthermore, Plaintiffs allege that their performance was excused as set forth in California Civil Code § 1511 because Defendants induced Plaintiffs not to perform under the contract. FAC at ¶ 46. In its motion, Defendants argue that Plaintiffs' reliance on Section 1511 is misplaced because Plaintiffs' claim is premised on separate promises, not on conduct related to the Promissory Note or the Deed of Trust. Mot. at 6.

Section 1511 provides that performance of an obligation is excused if:

> [T]he debtor is induced not to [perform], by any act of the creditor intended or naturally tending to have that effect, done at or before the time at which such performance or offer may be made, and not rescinded before that time.

Cal. Civ. Code § 1511.

Here, Plaintiffs' claim is premised on the alleged statement from Chase representatives telling Plaintiffs to stop making payments under the Deed of Trust in order to receive a loan

United States District Court
Northern District of California

modification. See FAC at ¶ 45. These claims are based on Plaintiffs' obligations to make payments pursuant to the Deed of Trust that was in place prior to any loan modification. Thus, Defendants' argument regarding Section 1511 is unpersuasive. For this reason, Defendants argument fails.

In sum, Plaintiffs have sufficiently pled a claim for breach of the implied covenant of good faith and fair dealing. Thus, Defendants' motion as to this claim is DENIED.

**D. Claim 4: Violation of Business and Professions Code § 17200, et seq.**

Lastly, Plaintiffs allege violation of California's Unfair Competition Law ("UCL"), which prohibits "any unlawful, unfair or fraudulent" business practice. Cal. Bus. & Prof. Code § 17200. The statute "has a broad scope that allows for violations of other laws to be treated as unfair competition that is independently actionable while also sweep[ing] within its scope acts and practices that specifically prescribed by any other law." Hauk v. JP Morgan Chase Bank USA, 552 F.3d 1114, 1122 (9th Cir. 2009) (internal quotations omitted). Here, Defendants' sole argument is that due to the failure of Plaintiffs' other claims, this claim necessarily fails under the "unlawful business practice" prong.

By proscribing any unlawful business practice, the UCL borrows violations of other laws and treats them as unlawful practices that the UCL makes independently actionable. Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). An unlawful business practice under the UCL is an act or practice, committed pursuant to business activity, that is at the same time forbidden by law. Progressive W. Ins. Co. v. Super. Ct., 135 Cal. App. 4th 263, 287 (2005).

To the extent Defendants' only challenge to this claim is that Plaintiffs failed to properly plead breach of contract, violation of California Civil Code § 2923.6, or breach of the implied covenant of good faith and fair dealing, Defendants' argument fails. The Court has explained above why Plaintiffs have sufficiently pled those claims. Thus, Defendants' motion as to this claim is DENIED.

United States District Court
Northern District of California

**IV. CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED. Defendants shall file an answer within fifteen days of the date of this order.

**IT IS SO ORDERED**

Dated: March 19, 2015



EDWARD J. DAVILA
United States District Judge